# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Christopher Roller,** | **Civil No. 07-1182 (JNE/JJG)** |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **David Copperfield's Disappearing, Inc.,** | |
| Defendant. | |

JEANNE J. GRAHAM, United States Magistrate Judge

The above-entitled matter is before the undersigned on two motions by defendant David Copperfield's Disappearing, Inc. (Copperfield): a motion to dismiss (Doc. No. 2) and a motion for sanctions (Doc. No. 12). Plaintiff Christopher Roller is proceeding pro se. Copperfield is represented by Andre J. LaMere, Esq. The motion to dismiss is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

In his original complaint, Mr. Roller (Roller) alleges that he has patented godly powers and he brings action against Copperfield for patent infringement. Copperfield moves to dismiss for failure to state a claim, contending that no such patent actually issued and so Roller cannot assert infringement.

Opposing the motion, Roller indicates that his patent application is pending, but argues that he may sue for infringement based on his provisional patent rights under 35 U.S.C. § 154(d). Copperfield counters, and Roller has since conceded in a memorandum on June 20, 2007, that provisional rights only attach if the patent ultimately issues. The parties evidently agree that no patent issued here.

Under Rule 12(b)(6), a defendant may move to dismiss for failure to state a claim where the allegations in the complaint are so deficient that they provide no cause for relief. *Quinn v. Ocwen Federal Bank FSB*, 470 F.3d 1240, 1244 (8th Cir. 2006). Although this inquiry is usually limited to the allegations in the complaint, a court may also consider documents that are a matter of public record. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007).

Roller does not allege, and the public records of the Trademark and Patent Office fail to show, that he obtained a patent. Roller accordingly fails to state a claim for patent infringement in his original complaint.

One intervening event requires further discussion. After the motion to dismiss was fully briefed, Roller filed an amended complaint. Roller correctly notes that he is entitled under Rule 15(a) to amend his complaint once before a responsive pleading is served, without seeking leave of the court. Because Copperfield did not file an answer, but opted for a motion to dismiss, there is no responsive pleading that prevents Roller from proceeding with his amended complaint here. *See CRST Van Expedited, Inc. v. Werner Enters., Inc.*, 479 F.3d 1099, 1104 n. 3 (9th Cir. 2007); *Williams v. Bd. of Regents of Univ. Sys.*, 477 F.3d 1282, 1291 (11th Cir. 2007); *Minnesota by Humphrey v. Standard Oil Co.*, 568 F.Supp. 556, 559 (D.Minn. 1983). The result is that the original complaint is no longer operative but the amended complaint is.

The amended complaint omits mention of patent infringement. Although it is not entirely clear whether Roller intends to relinquish this claim, this Court will assume it was incorporated into the amended complaint. Roller otherwise alleges that Copperfield, and three or more other defendants, conspired to murder him. Assuming for the sake of argument that Roller has a cause of action, his amended complaint lacks any factual basis for these accusations.

If the allegations in a complaint are deficient, a court has authority, on its own initiative, to dismiss for failure to state a claim.  *See Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir. 1982) (per curiam).  The accusations in the amended complaint are unfounded and without merit.  No meaningful purpose is served by allowing the amended complaint to go forward, and for this reason, this Court recommends that this case be dismissed in its entirety and judgment entered.

Arguing that Roller's claims are frivolous and unsupported by existing law, Copperfield also has a motion for sanctions.  Copperfield generically seeks fees and costs, as well as an order barring Roller from filing further lawsuits in this District.

The record shows that Roller has a lengthy history of frivolous litigation.  In particular, Roller previously sued Copperfield on grounds nearly identical to those in the current litigation.  That case was dismissed; the dismissal was summarily affirmed on appeal to the Eighth Circuit.  *See Roller v. Copperfield*, No. 05-446 (D.Minn.).  This case and similar examples, too numerous to recite here, certainly signal that some sanctions may be appropriate.

Judge Richard H. Kyle, however, recently addressed this concern in another case, *Roller v. The James Randi Educational Foundation*.  No. 06-4702 (D.Minn.).  Like the current case, it involved allegations of godlike powers and far-reaching conspiracies.  By an order on September 28, 2007, Judge Kyle barred Roller from filing any further complaints

> regarding claims or allegations *against any defendant* similar to those alleged in the complaint, without the signature of an attorney admitted to practice before this Court or prior leave of an appointed judicial officer of the federal court of Minnesota.

(Emphasis in text.)  Although this order does not bar the current litigation, it protects Copperfield from future suits.  This Court concludes that no further sanctions are necessary at this time, and accordingly, it is appropriate to deny Copperfield's motion for sanctions.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Copperfield's motion to dismiss (Doc. No. 2) be **GRANTED.**

2. Copperfield's motion for sanctions (Doc. No. 12) be **DENIED.**

3. All claims in this litigation be **DISMISSED WITH PREJUDICE.**

4. All other nondispositive motions (Doc. Nos. 19, 26) be **DENIED AS MOOT.**

5. This case be closed and judgment entered.

Dated this 20th day of November, 2007.

   s/ Jeanne J. Graham
JEANNE J. GRAHAM
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **December 5, 2007**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. The district court judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall forfeit review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.